# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY SUSLOVIC, | ) | CASE NO. 1:06 CV 116 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | (CORRECTED) |
| BLACK & DECKER, INC., et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| DEFENDANTS. | ) | |
| | ) | |

This matter is before the Court on defendants' renewed bill of costs (Doc. No. 76) and renewed motion for an award of attorneys' fees (Doc. No. 77, with supporting brief Doc. No. 78). Plaintiff has opposed both motions (Doc. Nos. 81 and 82, respectively) and defendants have filed replies to the opposition (Doc. Nos. 83 and 84, respectively). For the reasons set forth below, Doc. No. 76 is **GRANTED IN PART AND DENIED IN PART** and Doc. No. 77 is **DENIED**.

## I. BACKGROUND

Plaintiff filed this action on January 17, 2006,[1] challenging his discharge in a reduction in force as unlawful age and disability discrimination under federal and Ohio statutory law. He also claimed that his discharge was a violation of Ohio public policy.

Defendants filed a motion for summary judgment, which was fully briefed. On July 23, 2007, this Court granted the motion for summary judgment concluding that, "[w]hile

---

[1] The case was originally assigned to Judge Peter Economus but was reassigned to the undersigned judge on March 19, 2007.

there are factual disputes in the record, none are material and none cast doubt on defendant's legitimate non-discriminatory reason for discharge or for the failure to transfer." (Memorandum Opinion, Doc. No. 62, at 26.)

Defendants immediately filed a motion for costs and another motion for attorneys' fees. (*See* Doc. Nos. 64 and 65.) On August 18, 2007, plaintiff filed his Notice of Appeal to the Sixth Circuit Court of Appeals of this Court's grant of summary judgment. Although the defendants' motions for costs and attorneys' fees were eventually fully briefed, by non-document order dated September 5, 2008, the Court denied the motions without prejudice to renewal after resolution of the appeal.

On November 12, 2008, the Court received an information copy of the Sixth Circuit's per curiam opinion of that same date affirming the grant of summary judgment "on the basis of [the district court's] written opinion." (Doc. No. 75, at 2.) Within two weeks, prior to issuance of the mandate,[2] defendants filed the instant renewed motions for costs and attorneys' fees. These motions are fully briefed and ripe for determination.

## II. DISCUSSION

A.      **Renewed Motion for Costs (Doc. No. 76)**

Defendants move for costs in the amount of $7,665.14, pursuant to Fed.R.Civ.P. 54(d). Rule 54(d) provides: [u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."[3] The costs that are permitted are set forth in 28 U.S.C. § 1920 as follows:

---

[2] The mandate did not issue until December 10, 2008. (*See* Doc. No. 80.)

[3] Defendants argue that the rule provides that ". . . costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs . . ." (Motion at 2.) This is incorrect; rather, the language cited by the defendants is the language of the rule that was in place prior to December 1, 2007.

(1)     Fees of the clerk and marshal;

(2)     Fess of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)     Fess and disbursements for printing and witnesses;

(4)     Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5)     Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*See also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987) ("[Section] 1920 defines the term 'costs' as used in Rule 54(d)"); *In re Cardizem CD Antitrust Litigation*, 481 F.3d 355, 359 (6th Cir. 2007) ("the discretion that Rule 54(d)(1) gives courts (the 'unless the court otherwise directs' proviso) is discretion to decline requests for costs, not discretion to award costs that § 1920 fails to enumerate.").

Defendants seek costs under § 1920 (2) and (4) for deposition transcripts and photocopying. Plaintiff argues in opposition to the motion that it is unreasonable to tax costs against a losing civil rights plaintiff who is unemployed and has applied for disability[4] especially where, as here, defendants have incurred unreasonably large costs. Plaintiff further asserts that an award of costs would have a chilling effect, especially since plaintiff has already incurred his own costs. Finally, he argues that he simply cannot afford to pay defendants' costs, given the fact that his only income is $400 per month from an annuity set up by his deceased mother.

In the Court's view, most of the costs itemized by the defendants are taxable to the plaintiff under Rule 54, notwithstanding plaintiff's arguments to the contrary.

---

[4] According to plaintiff's affidavit, his initial application was denied and is currently on appeal.

The Court takes exception, however, with defendants' taxing the costs of overnight and expedited delivery of deposition transcripts, since the transcripts were not needed on an expedited basis. Defendants argue that they did not request such form of delivery. However, when they ordered the transcripts, they could have specified that they would only pay for regular mail delivery. In fact, one of the invoices clearly was received in advance of the deposition transcript and required that defendants send a check to obtain the transcript. (*See* Doc. No. 76-2, page 5.) They could have told the court reporter to reduce the cost by using regular mail; apparently they did not do so. As such, from the listing of costs for deposition transcripts at Doc. No. 76-2, page 1, the Court will deduct $84.45 ($30 + $23 + $31.45) for these delivery costs.

The Court also takes exception to the invoice at Doc. No. 76-2, page 4. Although the bill of costs identifies this invoice as being for the depositions of Gregg Chamberlain (Vol. II) and James Reynolds, the invoice itself lists only a total of $1,178.57. Where, as here, defendants know they are going to need itemized statements in support of a bill of costs, this invoice is insufficient. Defendants should have asked for an itemized invoice. The Court will deduct this $1,178.57 from the costs allowed for deposition transcripts.

Finally, the Court will award 18 cents/page for 8121 (6270 + 1851) copies made in-house, even though copying costs incurred by using outside services are billed only at 16 cents/page and 17 cents/page. While it could be argued that in-house copying should be less expensive, the Court finds that the discrepancy between in-house and outside copying charges is not unreasonable.

The following itemization of costs is what the Court will permit and will tax against the plaintiff:

Deposition Transcripts:     $4,800.45
Copying Costs:     $1,461.78

**Total:**     **$6,262.23**

**B.**     **Renewed Motion for Attorneys' Fees (Doc. No. 77)**

Defendants move for attorneys' fees in the amount of $54,938.00, pursuant to Fed.R.Civ.P. 54 and Title VII (42 U.S.C. § 2000e-5(k)) arguing that, as prevailing parties, they are entitled to an award of reasonable fees because "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." (Motion, Doc. No. 78, at 2, quoting *Christianburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978); and quoting *Balmer v. HCA, Inc.*, 423 F.3d 606, 615 (6th Cir. 2005) (prevailing defendant may be awarded attorney's fees where plaintiff "continued to litigate after it became clear that [his] claim was frivolous, unreasonable or without foundation").)

As properly pointed out by the plaintiff, however, he brought no claim under Title VII.[5] Therefore, defendants must prove entitlement to attorneys' fees under the Age Discrimination in Employment Act ("ADEA"), pursuant to which plaintiff brought his federal claim.[6]

"Pursuant to § 7(b) of the [ADEA], 29 U.S.C. § 626(b), violations of the ADEA generally are to be treated as violations of the FLSA [Fair Labor Standards Act]." *Lorillard v. Pons*, 434 U.S. 575, 578 (1978). The ADEA incorporates the remedial provisions of the FLSA,

---

[5] The Court finds it curious that defendants have made this mistaken argument, given their repeated insistence that plaintiff "has misstated facts and law in an obvious attempt to overcome the fact that his claims were baseless and frivolous." (Doc. No. 84, at 1.) In the motion for attorneys' fees, defendants have uniformly argued based on Title VII law even though plaintiff brought no Title VII claim.

[6] Although plaintiff originally raised a disability discrimination claim under the Americans with Disabilities Act, he abandoned that claim in his opposition to the motion for summary judgment. (*See* Doc. No. 48, at 43, n. 240.)

5

including the attorney's fee provision that only provides a mechanism for prevailing *plaintiffs* to recover fees.[7] Therefore, in an ADEA case where the plaintiff does not prevail, the American Rule regarding attorney's fees would generally control.[8] However, the Supreme Court has approved a "bad faith exception" to the American Rule. Under this exception, a prevailing defendant may be awarded fees if the plaintiff " 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . .' " *Alyeska Pipeline Service Company v. The Wilderness Society*, 421 U.S. 210, 258-59 (1975) (omission in original) (quoting *F.D. Rich Co., Inc. v. U.S. for Use of Indus. Lumber Co., Inc.*, 417 U.S. 116, 129 (1974)); *see also Morgan v. Union Metal Mfg.*, 757 F.2d 792, 796 (6th Cir. 1985) (affirming the district court's award of attorney's fees to defendant who prevailed on summary judgment in an ADEA case because plaintiff had maintained the suit in bad faith); *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir. 1998) (holding that "[g]iven the close relationship between the ADEA and the FLSA," a prevailing ADEA defendant may be awarded attorney's fees "only upon a finding that the plaintiff litigated in bad faith") (citing *Morgan*).

Accordingly, in order to enjoy an award of attorney's fees for having prevailed in this ADEA action, defendants must show that plaintiff "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline*, *supra*; *see also Hall v. Cole,* 412 U.S. 1, 5 (1973) ("[T]he underlying rationale of 'fee shifting' is, of course, punitive, and the essential element in triggering the award of fees is therefore the existence of 'bad faith' on the part of the

---

[7] The FLSA attorney's fee provision which is incorporated into the ADEA provides: "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (found unconstitutional as it pertains to state employees suing a state in state court in *Alden v. Maine*, 527 U.S. 706, 712 (1999).)

[8] The "American Rule" is "[t]he general policy that all litigants, even the prevailing one, must bear their own attorney's fees." BLACK'S LAW DICTIONARY (8th ed. 2004).

unsuccessful litigant."); *Colombrito v. Kelly,* 764 F.2d 122, 133 (2d Cir. 1985) (holding that, in order to award attorney's fees under the bad faith exception, a district court must find that the plaintiff's suit was both "entirely without color and [. . .] asserted wantonly, for purposes of harassment or delay, or for other improper reasons [. . .]. Neither meritlessness alone [. . .] nor improper motives alone [. . .] will suffice.").

Although defendants assert in a conclusory fashion bad faith on the part of the plaintiff, their argument really offers no support for that assertion. In fact, the summary of their argument seems to suggest that plaintiff's action was merely frivolous, unreasonable or without foundation, "even though not brought in subjective bad faith." (Memorandum in Support, Doc. No. 78, at 2, quoting *Christianburg Garment Co.*) Actually, defendants' argument is one that would be properly made if plaintiff had brought a Title VII action; as already pointed out, it is not the standard for awarding fees to a prevailing defendant in an ADEA case.

Further, although this Court, affirmed by the Court of Appeals, concluded that there was no evidentiary basis for plaintiff's claims, that does not necessarily translate into bad faith, vexatiousness, wantonness or oppressiveness. Rather, as is often the case, the plaintiff simply viewed the facts differently than the defendants (and the Court), believing, wrongly as it turned out, that he had been somehow singled out for discharge due to his age. The mere fact that plaintiff did not prevail does not establish that he litigated in bad faith or with any intent to harass or oppress the defendants.

The Court finds no basis for an award of attorney's fees to the defendants. Accordingly, Doc. No. 77 is **DENIED**.

**III. CONCLUSION**

For the reasons set forth above, Doc. No. 76 is **GRANTED IN PART AND DENIED IN PART**. Costs in the total amount of $6,262.23 are taxed against the plaintiff in favor of the defendants.

Doc. No. 77 is **DENIED**.

**IT IS SO ORDERED**.

Dated: January 21, 2009

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**