# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY SUSLOVIC, | ) | CASE NO. 1:06-cv-116 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| BLACK & DECKER, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the motion of plaintiff Gregory Suslovic ("Suslovic") to vacate judgment pursuant to Rule 60(d)(3) of the Federal Rules of Civil Procedure. (Doc. No. 92 (Motion).)[1] Eighteen years after this Court entered judgment in favor of defendant Black & Decker, Inc. ("Black & Decker") (*see* Doc. No. 62 (Summary Judgment Opinion)), Suslovic now moves to have the judgment vacated, alleging that a fraud was committed on the Court. It does not appear that Black & Decker or its attorneys of record were given notice of the motion, as Black & Decker was not served and a review of the website for the law firm of record for Black & Decker indicates that the attorneys of record either no longer work at the firm or are retired from the practice of law. Nonetheless, based on its review of the record and relevant law, the Court believes it can proceed in analyzing the present motion.

---

[1] It appears from the docket that Suslovic is represented by counsel. Under Fed. R. Civ. P. 11, all filings must be signed by a party's counsel unless said party is self-represented. Fed. R. Civ. P. 11(a). Counsel's signature does not appear on the present motion. However, considering this case was closed over fifteen years ago, the Court will assume that Suslovic's counsel fulfilled her obligation to represent Suslovic after the case was adjudicated initially, and that he is now self-represented in this matter.

Suslovic's filing is occasionally difficult to follow. At times, it is clear that he is attempting to respond to the Court's summary judgment opinion and explain why the record citations therein contain false information. Other times, however, it is less clear what information, if any, Suslovic claims was fraudulently presented to the Court. In any event, it is clear that Suslovic takes issue with many of the factual assertions contained in the record for this case, and he wishes for the Court to scrutinize each factual assertion for its veracity.

But the Court need not partake in such exercise for two simple reasons. First, Suslovic exclusively raises issues that were already litigated or could have been litigated previously. Second, Suslovic fails to provide, cite, or direct the Court to clear and convincing evidence that a fraud was committed upon the Court. Additionally, even if the Court were to take Suslovic's unsupported assertions as competent evidence, Suslovic still fails to satisfy the necessary elements of fraud on the court. For these reasons, the motion is DENIED.

I.      **BACKGROUND**[2]

In May 2001, at age 50, Suslovic became manager at the Cleveland service center of Porter-Cable/Delta ("PCD"). (Doc. No. 62, at 2.) Black & Decker, after acquiring PCD, terminated Suslovic's employment in 2005 as part of a reduction in force. (*Id.* at 6.) A younger employee, Mark Konecek, age 36, was retained in his position instead. (*Id.* at 6.) When he was notified of his impending termination, Suslovic applied for a management position at the Cincinnati service center, but the manager of PCD's Miami service center, Kenston Demaray, age 41, was chosen for

---

[2] The factual background of this case is more fully set out in the Court's memorandum opinion on summary judgment. (Doc. No. 62, at 2–7 (All page number references to the record herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.).) Instead of repeating the factual background, the Court will only provide the facts relevant to its analysis.

the position. (*Id.* at 6–7.).

On January 17, 2006, Suslovic filed his complaint against Black & Decker, seeking injunctive relief and damages for alleged violations of the Age Discrimination in Employment Act, Ohio Rev. Code § 4112, the Americans with Disabilities Act, and Ohio public policy. (Doc. No. 1 (Complaint) ¶¶ 10–32.) Over the next year, the parties conducted discovery, and Suslovic took multiple depositions—including those of his former supervisors LaVerne Jones and Dennis Dallaglio. (*See* Doc. Nos. 21, 30–31 (Notices of Depositions); Doc. Nos. 38–45 (Deposition Transcripts).)

Black & Decker moved for summary judgment. (Doc. Nos. 32–33.) Suslovic opposed the motion for summary judgment. (Doc. Nos. 48, 54.) Black & Decker filed a reply in support of its motion. (Doc. No. 56.)

The Court granted summary judgment in favor of Black & Decker. (Doc. No. 62.) First, the Court summarily dismissed the age discrimination claims, because Suslovic failed to put forth any direct, circumstantial, or statistical evidence showing that age was a factor in his termination as required for terminations taking place during a reduction in force. (*Id.* at 10–18.) Further, the Court found that Black & Decker's reduction in force represented a legitimate, non-discriminatory reason for Suslovic's termination, and Suslovic failed to demonstrate that the reduction in force was pretext. (*Id.* at 18–21.) Finally, the Court found that Suslovic's claim that he was passed over for a position at Black & Decker in favor of a younger, less-qualified individual was unsupported by the record. (*Id.* at 22–23.)

Second, the Court dismissed the public-policy based claim. The Court noted that, "when a statutory remedy is available, no common law claim will lie." (*Id.* at 23 (citation omitted).) As

3

Suslovic could seek a remedy under the Age Discrimination in Employment Act and Ohio statutory law, he could not maintain the same claim under Ohio common law. (*Id.*)

Finally, the Court granted summary judgment on Suslovic's disability discrimination claim. Suslovic provided no evidence that he was disabled or regarded as disabled. (*Id.* at 25.) Neither did Suslovic put forth any evidence that his termination or any other negative employment action was taken as a result of a perception that he was disabled. (*Id.* at 26.)

Suslovic appealed the Court's decision to the Sixth Circuit Court of Appeals. (Doc. No. 68.) The Sixth Circuit Court of Appeals affirmed in its entirety. (Doc. No. 91.) On January 20, 2009, the Court granted Black & Decker's renewed motion for attorney's fees and a bill of costs. (Doc. No. 86.)

Now, more than eighteen years after the Court's summary judgment ruling, Suslovic moves this Court under Rule 60(d)(3) to vacate its judgment due to fraud on the court. (Doc. No. 92.) Though unclear, Suslovic seems to allege that "defendant's attorney"[3] committed fraud on the court by presenting false information in Black & Decker's summary judgment briefing. (*Id.* at 2.) Suslovic dedicates the majority of his motion to identifying points in the Court's summary judgment opinion and in deposition transcripts where he believes false information was either relied upon or presented. (*Id.* at 2–8.) In support of his motion, Suslovic provides his own version of the relevant facts and various letters of recommendation from Suslovic's career. (Doc. No. 92-1 (Letters of Recommendation), at 1–4.)

---

[3] Multiple attorneys represented Black & Decker during the original pendency of this case. Suslovic does not identify which of Black & Decker's attorneys he alleges committed fraud on the court. Because Suslovic bases his motion on facts that were presented in summary judgment briefing, the Court construes "defendant's attorney" to refer to all attorneys appearing on the signature blocks of Black & Decker's summary judgment filings.

4

## II. LEGAL STANDARD

"The Sixth Circuit has narrowly interpreted fraud on the court under Rule 60(d)(3)." *United States v. Demjanjuk*, 838 F. Supp. 2d 616, 626 (N.D. Ohio 2011) (citation omitted). Rule 60(d)(3) requires "the most egregious conduct involving a corruption of the judicial process itself." *Gen. Med., P.C. v. Horizon/CMS Health Care Corp.*, 475 F. App'x 65, 71 (6th Cir. 2012) (citation omitted). "In practice, this means that even fairly despicable conduct [even perjury and non-disclosure] will not qualify as a fraud on the court." *Id.* (quoting and citing 12 James W. Moore *et al.*, Moore's Federal Practice § 60.21[4][c] (3d ed. 2011)).

To establish a fraud on the court, a movant must demonstrate by clear and convincing evidence conduct "1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court." *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010) (quoting *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009)).

## III. DISCUSSION

The motion fails in its entirety for two independent reasons. First, each of the factual assertions Suslovic now complains of were or could have been litigated in the parties' summary judgment briefings. Suslovic cannot use Rule 60 to rehash these issues. *See Smith v. Phillips Winters Apartments*, 599 F. App'x 365, 367 (11th Cir. 2015) (affirming denial of Rule 60(d)(3) motion where movant "improperly seeks to relitigate the merits of his equitable tolling argument through a Rule 60(d)(3) motion."); *Scarborough v. Ct. of Common Pleas of Northampton Cnty.*, No. 23-2414, 2024 WL 195474, at *1 (3d Cir. Jan. 18, 2024) (affirming district court's holding

5

that movant "could not use Rule 60(d)(3) to relitigate matters of disagreement with the District Court."), *cert. denied sub nom.*, 145 S. Ct. 151 (2024), *reh'g denied*, 145 S. Ct. 790, 220 L. Ed. 2d 284 (2024); *Kline v. Ahuja*, No. 1:07-cv-451, 2021 WL 5505512, at *9 (D.D.C. Nov. 24, 2021) ("[P]laintiff cannot relitigate the merits of those issues now by claiming that [defendant] committed 'fraud on the court' in merely arguing its case.'" (citation omitted)), *aff'd*, No. 22-5014, 2022 WL 3568054 (D.C. Cir. Aug. 18, 2022). His motion thus fails in its entirety.

Second, Suslovic fails to present clear and convincing evidence in support of his motion. He offers nothing more than his word and a handful of letters of recommendation. Such offerings fall far short of the clear and convincing evidence required to establish fraud on the court. The paucity of evidence is reason enough to summarily deny the motion. *See Wheatt v. City of E. Cleveland*, Nos. 1:17-cv-377, 1:17-cv-611, 2020 WL 419178, at *2 (N.D. Ohio Jan. 27, 2020) (denying Rule 60(d)(3) motion where "[movant] attached no evidence at all to their original motion"); *see also Brown v. U.S. Dep't of Lab.*, 812 F. App'x 940, 943 (11th Cir. 2020) ("conclusory allegations are insufficient to support a finding of fraud [on the court]" (citation omitted)).

Suslovic's bald attempt to relitigate this case and his failure to present clear and convincing evidence defeat his Rule 60 motion entirely. As will be discussed below, even if the motion were properly presented and supported, it would fail on its merits.

    *a. Paragraphs 1, 3–4*

In Paragraphs 1 and 3–4 of his filing, Suslovic appears to take issue with footnotes three and four of the Court's summary judgment opinion. (Doc. No. 92, at 2–4 (citing Doc. No. 62, at

3).)[4] Those footnotes read,

> 3 While Jones never completed a formal performance review of plaintiff, he testified in his deposition that he believed that plaintiff "was an aggressive manager, a hardworking manager, a dedicated manager. He had all of the right aspects of being a good manager except for his inability to get along with people" (Jones Dep. at 60). Jones testified that he verbally counseled plaintiff about a number of complaints from customers (Jones Dep. at 24–25, 62, 75–84, 92–93).
>
> 4 Defendant notes, however that the Cleveland Service Center also won the award the year before plaintiff stepped in as manager (Plaintiff Dep., Ex. Q).

(Doc. No. 62, at 3 n.3–n.4.)

Suslovic asserts that Jones was responsible for Suslovic's review and violated company policy by failing to conduct such review. (Doc. No. 92, at 2.) He also appears to suggest that he was given a pay increase during his employment, and because pay increases are based on reviews, he likely received one. (*Id.*) He further provides letters of recommendation from former employers to support his assertion that he "had all the right aspects of being a good manager[.]" (*Id.* at 4; Doc. No. 92-1, at 1–4.) Suslovic asserts that Jones never verbally counseled him and violated "procedure" by failing to maintain Suslovic's employee file and issue written warnings. (Doc. No. 92, at 4.) Additionally, Suslovic writes that "'Branch of the Year' is the highest award in services based on highest sales growth in the network[,]" and that sales increased under his leadership. (*Id.* at 2.)

These largely unsubstantiated claims fail to establish fraud on the court. First, the motion fails to establish the necessary reckless disregard or intent. "Reckless disregard in this context refers to situations where 'the actor has . . . knowledge, or reason to know, of the facts, but does

---

[4] Suslovic's filing makes repeated reference to a "Memorandum." (Doc. No. 92, at 2–7.) The Court understands Suslovic to be referring to the Court's memorandum opinion on Black & Decker's summary judgment motion. (Doc. No. 62.)

not realize or appreciate the high degree of risk involved, although a reasonable man in his position would do so.'" *Bickel v. Delaware Air Nat'l Guard*, No. 2:18-cv-119, 2022 WL 899703, at *4 (S.D. Ohio Mar. 28, 2022) (quoting *Demjanjuk v. Petrovsky*, 10 F.3d 338, 349 (6th Cir. 1993)). Suslovic fails to provide any information regarding defense counsel's mental state in presenting the materials cited in footnotes three and four. This is fatal to his argument. *See Gen. Med., P.C.*, 475 F. App'x at 73 (reversing district court's finding of fraud on the court absent proof of scienter).

Second, Suslovic fails to establish that the cited factual material was false or misleading such that it could deceive the Court. *See In re Amadeus Therapy, Inc.*, No. 2:21-bk-8245, 2025 WL 1159962, at *6 (B.A.P. 9th Cir. Apr. 21, 2025) (rejecting claim of fraud on the court where movant failed to show falsity of materials presented to court); *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, No. 1:13-cv-433, 2016 WL 4578146, at *3 (E.D. Va. Jan. 15, 2016) (same). Suslovic's unsupported allegations do not actually contradict the materials cited. For example, the fact that Jones was allegedly responsible for Suslovic's review does not necessarily contradict that "Jones never completed a formal performance review of plaintiff[.]" (Doc. No. 62, at 3 n.3.) Further, the fact that sales increased under Suslovic's leadership does not contradict the assertion that "Cleveland Service Center also won the award the year before plaintiff stepped in as manager[.]" (*Id.* at 3 n.4.) Thus, Suslovic fails to establish that any of the material cited in footnotes three and four deceived—or even had the capacity to deceive—the Court.

   b. *Paragraphs 2, 4(a–b)*

In Paragraphs 2 and 4(a–b), Suslovic appears to challenge some factual material and record citations contained on page three of the Court's summary judgment opinion. (Doc. No. 92, at 3–5.) Specifically, Suslovic seems to challenge the following passage:

8

> According to defendant, plaintiff's Achilles heel was his difficulty dealing with subordinates. In his 2001 appraisal of plaintiff, Dallaglio noted that plaintiff "sometimes has shown a problem remaining calm in a stressful situation" (Plaintiff Dep., Ex. Q).

(Doc. No. 62, at 3.)

In response, Suslovic asserts (without support) that he attended a course on "Dealing with Unacceptable Employee Behavior" and sent Dallaglio proof of his completion of the course. (Doc. No. 92, at 3.) He further complains (again without substantiation) that, while subordinates complained about him, "they never gave [him] the courtesy of an explanation." (*Id.*). He next lodges complaints against individuals the Court can only assume were Suslovic's former subordinates. (*Id.* at 3–4.) Finally, Suslovic states that he struggled with anxiety, that the previous manager had left his branch in disarray, and that Dallaglio had said Suslovic did well cleaning it up. (*Id.*).

Again, Suslovic fails to establish the necessary scienter and deception. Suslovic provides nothing concerning defense counsel's mental state, which is fatal to his motion. *Johnson*, 605 F.3d at 339; *see also Gen. Med., P.C.*, 475 F. App'x at 72 (reversing district court's finding of fraud on the court absent proof of scienter). Further, Suslovic fails to establish that the cited factual material was false or misleading. *See In re Amadeus Therapy,* 2025 WL 1159962, at *6 (rejecting claim of fraud on the court where movant failed to show falsity of materials presented to court). The fact that Suslovic might have attended a course on dealing with employee behavior does not render false Black & Decker's claim that Suslovic had difficulty dealing with subordinates. Further, Suslovic's assertion that his subordinates complained about him actually supports the assertion that he had difficulty dealing with subordinates. Finally, Suslovic's claims that he suffered from anxiety and that the previous manager left the branch in disarray do not contradict Dallaglio's

9

assertion that he had difficulty in stressful situations. Suslovic's argument thus fails.

    c. *Paragraphs 5–10*

In Paragraphs 5–10 of Suslovic's filing, he takes issue with statements made during depositions, many of which he claims (without support) were false. (Doc. No. 92, at 5–7.) But Suslovic's arguments can be summarily rejected because his filing includes no indication that the allegedly false deposition statements were presented by an officer of the court. Fraud on the court requires some conduct by an officer of the court, and witnesses are not officers of the court. *See Elliott v. Chairman of United States Merit Sys. Prot. Bd.*, No. 2:17-cv-47, 2017 WL 6102809, at *3 (E.D. Tenn. Dec. 6, 2017) (finding no fraud on the court where plaintiffs "aver[red] only that a witness and not an officer of the court—such as an attorney—committed the alleged fraud." (citations omitted)). Suslovic can complain of false statements in deposition transcripts all he wants, but without establishing that such statements were directed to the Court by an officer thereof, he fails to establish a fraud on the court.

    d. *Paragraphs 11–12*

In Paragraphs 11–12 of Suslovic's filing, he takes issue with the Court's reference to Black & Decker's "forced rankings" system. As the Court described in its summary judgment opinion, during the consolidation of PCD and Black & Decker, Black & Decker determined it would try to retain the strongest managers. (Doc. No. 62, at 6.)

> To that end, in November 2004, all of the Black & Decker and PCD managers were rated in various categories and ranked (Reynolds Dep. at 16–17). According to defendant, the forced rankings were used to separate the managers into three categories: "A players," "B players," and "C players."[] *Id.* at 89–90. Plaintiff insists that the decision as to which category each management employee would be placed was decided prior to the completion of the forced ranking sheets. In any event, those identified as A or B players were to be retained and those identified as C players were to be terminated (Bass Dep. at 89–91, 139–140, 143).

(*Id.* at 5 (footnote omitted).) The Court went on to explain that Suslovic had been designated a C player, Konecek had been designated a B player, and Demaray had been designated an A player. (*Id.* at 6–7.) Finally, the Court stated that, according to Black & Decker, Konecek and Demaray had been chosen for the Cleveland and Cincinnati positions, respectively, over Suslovic because of their higher rankings. (*Id.*).

In response, Suslovic reiterates his argument that the forced rankings system was flawed and predetermined. (Doc. No. 92, at 7.) In support of his assertion, he claims that Dallaglio said that "there was no 'rhyme or reason' why the managers were put into these categories[,]" and that Konecek "was ranked a 21 as a B player and [Suslovic] was ranked 22 as a C player." (*Id.* at 6–7.) Finally, Suslovic provides a 2002 letter of recommendation from his previous superior describing Suslovic as an A player. (Doc. No. 92-1, at 3.)

Once again (and assuming for the sake of argument that these largely unsupported allegations are true), Suslovic fails to allege the requisite scienter and deception. First, Suslovic makes no allegations regarding the mental state of defense counsel in presenting the above-referenced factual assertions. He thus falls far short of establishing the requisite recklessness. Second, Suslovic's argument falls short of establishing the Court was deceived. The propriety of the forced rankings system was litigated by the parties on summary judgment. (Doc. No. 48, at 14–15; Doc. No. 56, at 8.) While Suslovic provides some new (though unsupported) factual allegations, he fails to show how this Court, after being fully briefed by the parties, was deceived on this issue.

11

### IV. CONCLUSION

Suslovic cannot use Rule 60 to relitigate his case. Additionally, Suslovic fails to provide clear and convincing evidence in support of his arguments and fails to establish the necessary elements of fraud on the court. Accordingly, Suslovic's motion to vacate judgment under Rule 60(d)(3) (Doc. No. 92) is DENIED.

**IT IS SO ORDERED**.

Dated: October 24, 2025

                                                  **HONORABLE SARA LIOI**
                                                  **CHIEF JUDGE**
                                                  **UNITED STATES DISTRICT COURT**